UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CHRISTIAN URENA,

       Plaintiff,

-against-

ANTHONY ANNUCCI, SERGEANT R.
COCCUZA, SERGEANT MALARK,
CORRECTIONAL OFFICER F. RIVERS,
CORRECTIONAL OFFICER DANGELICO,
CORRECTIONAL OFFICER TROMBLE,
CORRECTIONAL OFFICER B. ANSPACH,
CORRECTIONAL LT. WILSON,
SUPERINTENDENT WILLIAM A. LEE, COM.
HEARING OFFICER B. LEVINE,

       Defendants.

16-cv-9708 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

  Plaintiff Christian Urena ("Plaintiff"), proceeding *pro se*, commenced this action on December 14, 2016, pursuant to 42 U.S.C. § 1983 for alleged Fourteenth Amendment violations against Anthony Annucci, Sergeant R. Coccuza, Sergeant Malark, Correctional Officer F. Rivers, Correctional Officer Dangelico, Correctional Officer Tromble, Correctional Officer B. Anspach, Superintendent William A. Lee, Hearing Officer B. Levine (collectively, the "Moving Defendants"), and Correctional Lieutenant Wilson ("Wilson").[1] (*See* Complaint ("Compl."), (ECF No. 2).) Presently before the Court is the Moving Defendants' motion to dismiss the Complaint for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing,

---

[1] Wilson was not served with Plaintiff's Complaint until after the Moving Defendants began briefing the instant motion. (*See* ECF No. 42.) Consequently, he did not join in this motion. On December 22, 2017, after the motion was fully submitted, Defendant Wilson requested leave of this Court to file a motion to dismiss Plaintiff's Complaint, allegedly on the same grounds as those raised in the Moving Defendants' motion. (*Id.*) As this Court details below, Plaintiff's Complaint is ripe for dismissal on both grounds of expiration of the statute of limitations and collateral estoppel. Nevertheless, as both are affirmative defenses which must be raised by defendants in their first response to the Complaint, *see* Fed. R. Civ. P. 8(a); *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001), and a pre-motion letter is not a vehicle through which a party can obtain relief commensurate to an order on a motion, this Court cannot apply the reasoning or outcome detailed herein to claims against Wilson. At this point, they must stand.

1

*inter alia*, that the statute of limitations has expired and collateral estoppel precludes this Court's review of Plaintiff's case. (*See* Moving Defendants' Brief in Support of the Motion to Dismiss ("Defs. Br.") (ECF No. 35), at 7-11.) For the following reasons, the Moving Defendants' Motion is GRANTED.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of this motion.[2]

Plaintiff is a *pro se* inmate housed at Green Haven Correctional Facility ("Green Haven"), a prison within the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff initiated this action on or about December 15, 2016, for alleged violations of his Fourteenth Amendment right to due process before and during his Tier II disciplinary hearing before the Superintendent. (*See* Compl. at 4-6, 19.)[3] Plaintiff's disciplinary hearing was held to assess whether he was guilty of the charges outlined in a misbehavior report (the "Misbehavior Report"), which was issued after a search of Plaintiff's cell on October 2, 2012. (*Id.* at 4.) Plaintiff's cell was searched based on information the Defendants received from a confidential informant. (*Id.*)

In all, Plaintiff claims his due process rights were violated in the following ways: (1) he was not present during the search of his cell, (*id.*); (2) at the hearing there was insufficient evidence against him, (*id.* at 5, 6 (noting that the Moving Defendants[4] "ignored [] fabrication's [sic] and perjured testimony," that the Misbehavior Report and evidence in support thereof was "fabricated, false and perjured", and that existence of an informant "was also a fabrication, fraud and

---

[2] The Court assumes the truth of the facts alleged in Plaintiff's Complaint for purposes of this motion only. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] As Plaintiff is proceeding *pro se* and his Complaint self-created, all citations thereto will be to pages, not paragraphs.
[4] The alleged unconstitutional conduct contained in the Complaint is asserted as against all of the defendants in this action; however, for this Opinion, the Court will focus on the Moving Defendants only.

perjury")); (3) the hearing officer did not "assess/evaluate" the credibility of the informant, (*id.* at 6); and (4) he was unable to prepare a defense for the hearing, (*id.* (noting that hearing officer "failed to produce exculpatory evidence"[5]).)

Plaintiff's disciplinary hearing was held on December 14, 2012, (*see* Superintendent Hearing Disposition ("Sup. Disp."), at 44-45),[6] and the Superintendent rendered his disposition that same day, (*id.*) The Superintendent found that there was sufficient evidence to support the charges in the Misbehavior Report. (*Id.*) Plaintiff appealed the Superintendent's decision to the Commissioner, (*see* Commissioner Appeal ("Comm. App.") at 47-49), who affirmed the decision on February 19, 2013, (*see* Comm. Dec. at 55.)

On June 11, 2013, Plaintiff filed an Article 78 Petition with the Supreme Court, State of New York (the "Article 78 Court"), seeking administrative review of the Superintendent's determination (the "Petition"). (*See* Plaintiff's Article 78 Petition (the "Petition"), at 22-34.) Plaintiff asserted the following grounds for relief: (1) the record lacked sufficient evidence to support the charges in the Misbehavior Report, (*id.* at 24); (2) he was denied the right to prepare a defense and challenge evidence presented against him, (*id.* at 27); (3) he was denied due process when he was found guilty of smuggling, (*id.* at 29); (4) the hearing officer failed to make an independent assessment of the informant's credibility, (*id.* at 31); and (5) he was denied due process when he was not present during the search of his cell, (*id.* at 32.) The Article 78 Court

---

[5] Read in context with Plaintiff's Article 78 Petition, it appears that Plaintiff mistakenly referred to inculpatory evidence as exculpatory evidence. Specifically, in the Petition, while providing more detail about this allegation, Plaintiff contends that he requested to review the statements made by the confidential informant that precipitated the search of his cell, but was denied such an opportunity. (*See* Compl. at 27-29.)

[6] Attached to Plaintiff's Complaint are several documents relevant to his disciplinary hearing, including the Misbehavior Report, his Article 78 Petition, and documents from the New York Court of Appeals. None of these documents are delineated by exhibit letters or numbers and instead appear as a continuation of the Complaint. Consequently, citations thereto will contain the title of the document referenced, and the page on which the information appears in the overall file, as referenced on ECF. Moreover, the Court may consider these documents in rendering its decision on this 12(b)(6) motion, as they are documents attached to Plaintiff's Complaint. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (noting that on a motion to dismiss, courts properly consider the "four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference").

3

transferred the Petition to the Appellate Division, Second Department (the "Second Department"), who considered the matter on the merits, denied the Petition, and dismissed Plaintiff's proceeding. *See Matter of Urena v. Annucci*, 134 A.D.3d 727, 728 (2d Dep't 2015). Plaintiff appealed this decision to the New York Court of Appeals who denied the appeal. (*See* Ct. of App. Dec. at 11.)

## STANDARD OF REVIEW

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Where a *pro se* Plaintiff is concerned, Courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The Court must therefore interpret the pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleading must contain factual allegations that sufficiently "raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010); *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (noting that court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it").

## DISCUSSION

### I.  Statute of Limitations[7]

The Moving Defendants first argue that Plaintiff's Complaint is ripe for dismissal as it was filed after the expiration of the statute of limitations. (*See* Defs. Br. at 7-8.) In opposition, Plaintiff

---

[7] The Moving Defendants also question the sufficiency of Plaintiff's pleadings, personal involvement, Eleventh Amendment immunity, and qualified immunity. (*See* Defs. Br. at 11, 17, 19, 20.) In light of the Court's finding that the statute of limitations and collateral estoppel preclude the continuation of this action, it declines to consider the remainder of the Moving Defendants' arguments.

4

asserts that he is entitled to application of the continuing violation doctrine. (*See* Plaintiff's Brief in Opposition to the Moving Defendants' Motion ("Plf. Br.") (ECF No. 37) at 2.)

Section 1983 does not have its own statute of limitations; accordingly, courts turn to state law statutes of limitations "for personal injury actions". *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989). Thus, referring to New York state law, Section 1983 actions are held to a three-year statute of limitations. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Plaintiff's disciplinary hearing occurred on December 14, 2012, triggering the accrual of the limitations period. It was thereafter tolled during the time he exhausted his administrative remedies, *see Gonzalez v. Hasty*, 651 F.3d 318, 322 n.2 (2d Cir. 2011), and began to run again on February 19, 2013, when his administrative remedies were fully exhausted, (*see* Comm. Dec. 55.) Thus, to be timely, Plaintiff had to file this action before April of 2016.

A. **Continuing Violation Doctrine**

Plaintiff invokes the continuing violation doctrine to support his claim that his lawsuit was not untimely. (*See* Plf. Br. at 2.) This Court is not persuaded.

The continuing violation doctrine applies only if a plaintiff "allege[s] both the existence of an ongoing policy of [due process violations] and some non-time-barred acts taken in the furtherance of that policy." *Shomo*, 579 F.3d at 182 (noting that doctrine is typically used in discrimination cases, but expanding to Eighth Amendment cases); *see also Gonzalez*, 802 F.3d at 223 (expanding to due process claims). The doctrine, however, does not apply "to discrete unlawful acts, even where those discrete acts are part of a serial violation, but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Lefebvre v. Morgan*, – F. Supp. 3d –, No. 14-CV-5322(KMK), 2016 WL 1274584, at *18 (S.D.N.Y. Mar. 31, 2016).

5

Even assuming that Plaintiff's claims that the Moving Defendants "continued to engage in a criminal course of conduct to deprive [him]" of his rights, (*see* Plf. Br. at 2), did demonstrate the existence of an ongoing policy, the conduct detailed in the Complaint regarding due process merely amounts to a number of time-barred discrete acts—a claim pertaining to his cell search and various alleged violations of due process during his disciplinary hearing—which occurred on two dates: October 2, 2012 and December 14, 2012, (*see* Compl. at 4-6.) The continuing violation doctrine does not apply. *See Lefebvre*, 2016 WL 1274584, at *18 (declining to apply doctrine where lawsuit challenged one or two discrete acts); *McGann v. City of New York*, No. 12-CV-5746(PAE), 2013 WL 1234928, at *5 (S.D.N.Y. Mar. 27, 2013) (not applying doctrine where plaintiff did not "allege[] any non-time-barred acts taken in furtherance of" a policy).[8]

### B. Equitable Tolling

Though Plaintiff does not explicitly argue that he is entitled to equitable tolling, his contention that the "continuing violation of due process and equal protections of the laws . . . [was] a compelling circumstance", (*see* Plf. Sur Reply ("SR"), at 2), appears to be an attempt to invoke, not only the continuing violation doctrine, but the equitable tolling doctrine as well. Nevertheless, such an invocation will no salvage Plaintiff's claims.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (quoting *Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015)). Plaintiff fails to do either.

---

[8] To the extent Plaintiff attempts to bring the conduct into the realm of the continuing violation doctrine by arguing that the Moving Defendants continue to engage in fraud and a cover up before the courts, he fails. Such conduct was not alleged in the Complaint and the allegations are nevertheless conclusory and therefore insufficient. *See Drayton v. Veterans Admin.*, 654 F.Supp. 558, 567 (S.D.N.Y. 1987) (conclusory allegations of continual violations are insufficient); *see also Moore v. City of New York*, No. 15-CV-6600(GBD)(JLC), 2017 WL 35450, at *13 (S.D.N.Y. Jan. 3, 2017), *report and recommendation adopted* 2017 WL 1064714 (Mar. 20, 2017).

Even assuming this Court finds that Plaintiff's filing of his Article 78 Petition and subsequent appeal of the decision therein constitutes diligent pursuit of his rights, (*see* Plf. Br. at 2 (noting that he appealed Article 78 to New York Court of Appeals)), Plaintiff still would not be entitled to the equitable tolling doctrine because there are no "extraordinary circumstances that stood in his way," *Watson*, 865 F.3d at 132. Such a standard refers to "the severity of the obstacle impeding compliance with a limitations period." *Id.* at 132 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). Consequently, "it is not enough for a party to show that he *experienced* extraordinary circumstances[; he must also] demonstrate that those circumstances *caused him* to miss the original filing deadline." *Id.*; *see also Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (equitable tolling applied only where extraordinary circumstances "prevented a party from timely performing a required act").

Plaintiff has utterly failed to demonstrate as much. Plaintiff's allegations regarding the struggles he faced pertain to alleged misconduct at his disciplinary hearing and the state court's review thereof. (*See* Plf. SR at 2 (arguing that the "entire process" from disciplinary hearing to state court "was a continuing violation of due process and equal protection", constituting a "compelling circumstance").) Plaintiff's argument, even if afforded credence by this Court, fails to link the conduct to his inability to timely file his federal court action and thus fails to explain how any conduct "beyond [his] control", *see Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), prevented him from filing this Section 1983 within the limitations period. His lawsuit is thus time-barred.

## II. <u>Collateral Estoppel</u>

Even if Plaintiff's Section 1983 action was timely filed, Plaintiff's Complaint would still be ripe for dismissal as the essential issues in this matter were previously litigated and decided by the Second Department.

7

Federal courts review questions of collateral estoppel under applicable state law. New York law applies collateral estoppel "when a litigant in a prior proceeding asserts an issue of fact or law in a subsequent proceeding and (1) the issue has necessarily been decided in the prior action and is decisive in the present action, and (2) there has been a full and fair opportunity to contest the decision now said to be controlling." *Giakoumelos v. Coughlin*, 88 F.3d 56, 59 (2d Cir. 1996) (quoting *Schwartz v. Public Admin.*, 246 N.E.2d 725 (N.Y. 1969)) (internal quotations omitted).

Typically, New York grants "preclusive effect to both factual questions and legal issues reviewed in Article 78 proceedings." *Kotler v. Donelli*, 5285 F. App'x 10, 13 (2d Cir. 2013) (summary order) (quoting *Parker v. Blauvelt Volunteer Fire Co.*, 712 N.E.2d 547 (N.Y. 1999)). Nevertheless, the Second Circuit has questioned whether collateral estoppel should "ever apply to fact issues determined in a prison disciplinary hearing and reviewed for substantial evidence in an Article 78 proceeding, given the procedural laxity of such prison hearings, and the limited nature of substantial-evidence review." *Giakoumelos*, 88 F.3d at 60. Such a question arises within the confines of whether the inmate had a full and fair opportunity to litigate the issues.

Preliminarily, this Court notes that all of the issues central to Plaintiff's Fourteenth Amendment due process claims are identical to the issues presented in the Petition[9] and were reviewed and necessarily decided by the Second Department. Specifically, the issues are whether: (1) the record lacked sufficient evidence to support the charges in the Misbehavior Report; (2) Plaintiff was denied the right to prepare a defense and challenge evidence presented against him; (2) the hearing officer failed to make an independent assessment of the informant's credibility;

---

[9] In the Petition, Plaintiff also claims that he was denied due process when he was found guilty of smuggling. (*See* the Petition at 29.) That precise issue is not presently before the Court, but to the extent Plaintiff is attempting to claim that it is, it is likely covered by Plaintiff's claim that there was insufficient evidence to support the charges in the Misbehavior Report.

8

and (4) Plaintiff was denied due process when he was not present during the search of his cell. (*Compare* Compl. at 4-6 *with* the Petition at 24, 27, 31-32.)

The Second Circuit has already held that issues regarding "denial of access to . . . evidence", and a refusal "to independently interview [an] informant" to assess credibility, are "questions of law". *Giakoumelos*, 88 F.3d at 60. When these very issues were presented to the Second Department, the court reviewed the record and decided that Plaintiff's contentions lacked merit. *Urena*, 134 A.D.3d at 728. Moreover, Plaintiff fails to indicate how he was denied a full and fair opportunity to litigate these issues, aside from claiming that the invocation of collateral estoppel is "fictitious fraud" and that the Moving Defendants covered up their fraud on the appellate level.[10] (*See* Plf. Br. at 5.) Such conclusory assertions are insufficient to meet his burden. *See U.S. Sec. and Exch. Comm'n v. Illarramendi*, – F. App'x –, 2018 WL 1887335, at *2 (2d Cir. 2018) (summary order) (rejecting arguments regarding full and fair opportunity which are conclusory); *Yan Yam Koo v. Dep't of Bldgs.*, No. 04-CV-9628(RMB)(DFE), 2006 WL 963883, at *5 (S.D.N.Y. Apr. 12, 2006) (conclusory allegations insufficient to demonstrate denial of full and fair opportunity). Plaintiff's claims for violations of due process on the basis that he was denied access to evidence and the hearing officer should have assessed the credibility of the informant, are thus precluded by the Second Department's determination of these issues.

With respect to the remaining issues, regarding Plaintiff's presence during the search of his cell and the sufficiency of the evidence, the Court considers both to be questions of law that were decided on the merits by the Second Department and likewise grants preclusive effect to the Second Department's determination thereon. In assessing whether preclusive effect should be

---

[10] Plaintiff's brief explicitly states "but, to continue and cover up the deprivations of law, civil rights and litigate such takes some upper level educated administrative personal [sic], with some degree of understanding of administrative appeals, Article 78 proceedings and the Appellate Divisions procedures." (*See* Plf. Br. at 5.) The Court construes this as an argument that before the Second Department, Defendants allegedly covered up fraud that allegedly occurred during his disciplinary hearing.

9

granted, Courts in this circuit assess whether "procedural deficiencies ... produced some significant effect on the review of the[] issues." *Fludd v. Fischer*, 568 F. App'x 70, 72 (2d Cir. 2014) (summary order) (quoting *Giakoumelos*, 88 F.3d at 59-60) (internal quotations omitted). This Court has already decided that Plaintiff's conclusory assertions of fraud and cover ups are insufficient to demonstrate that he was denied a full and fair opportunity to litigate the issues and Plaintiff fails to demonstrate that procedural deficiencies existed to persuade this Court otherwise. It now finds collateral estoppel applies to the issues regarding Plaintiff's cell search and sufficiency of the evidence, in addition to those already discussed.[11] *Compare with Cowart v. Pico*, 29 F. App'x 639, 641 (2d Cir. 2002) (summary order) (affirming grant of summary judgment on issue of collateral estoppel concerning issues nearly identical to those raised by Plaintiff).

---

[11] To the extent that the issue regarding insufficiency of the evidence would be considered a question of fact that applying collateral estoppel to would be cautioned under Second Circuit precedent, the outcome of this Opinion would not change. As indicated, *infra* I, Plaintiff's claims are time-barred.

10

## CONCLUSION

In consideration of the foregoing, the Moving Defendants' Motion is GRANTED. Plaintiff failed to file this Section 1983 action within the prescribed three-year statute of limitations period. Neither the continuing violation doctrine nor equitable tolling could save his claims. Moreover, even if it was timely filed, collateral estoppel precludes this lawsuit. Plaintiff's Complaint is therefore dismissed with prejudice as against the Moving Defendants. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 33 and terminate Defendants Anthony Annucci, Sergeant R. Coccuza, Sergeant Malark, Correctional Officer F. Rivers, Correctional Officer Dangelico, Correctional Officer Tromble, Correctional Officer B. Anspach, Superintendent William A. Lee, and Hearing Officer B. Levine. The Clerk of the Court is further directed to mail a copy of this Opinion and Order to Plaintiff's address as listed on ECF.

Dated: August 14, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge